CONCOURSE REHABILITATION & NURSING CENTER, INC., formerly known as Concourse Nursing Home, Plaintiff–Appellant,

v.

Tommy THOMPSON, individually, and as Director of the Department of Health & Human Services, and Antonia C. Novello, M.D., individually, and as Commissioner of the New York State Department of Health, Defendants–Appellees.

No. 04–2586–CV.

United States Court of Appeals, Second Circuit.

Nov. 17, 2005.

Marvin Neiman (Theodore T. Mairanz, on the brief), Neiman Ginsburg & Mairanz, P.C., New York, NY, for Plaintiff–Appellant.

James L. Cott, Assistant United States Attorney (Emily S. Reisbaum, Assistant United States Attorney, on the brief), for Michael J. Garcia, United States Attorney for the Southern District of New York, New York, NY, for Defendant–Appellee Thompson.

Jean Lin, Assistant Solicitor General (Robert H. Easton, Assistant Solicitor General, James Hershler, Assistant Attorney General, on the brief) for Elliot Spitzer, Attorney General of the State of New York, New York, NY, for Defendant–Appellee Novello.

Present: Hon. ROGER J. MINER, Hon. ROBERT A. KATZMANN, and Hon. RICHARD C. WESLEY, Circuit Judges.

## SUMMARY ORDER

Plaintiff-appellant Concourse Rehabilitation & Nursing Center, Inc. ("Concourse") appeals from a final judgment entered in the United States District Court for the Southern District of New York (Naomi Reice Buchwald, Judge) granting defendants' motion to dismiss on the grounds that, *inter alia*, (1) the district court lacked subject matter jurisdiction over plaintiff's claims arising under the Medicare Act, 42 U.S.C. §§ 1395 *et seq.*, and (2) Concourse failed to state a constitutional claim upon which relief may be granted.

*See Concourse Rehab. & Nursing Ctr., Inc. v. Thompson,* No. 03 Civ. 260, 2004 WL 434434, at *3, 2004 U.S. Dist. LEXIS 3629, at *7–*8 (S.D.N.Y. March 8, 2004). Familiarity with the facts and procedural history is assumed.

For substantially the same reasons set forth in the district court's opinion, we conclude that the district court properly held that it lacked subject matter jurisdiction over Concourse's claims arising under the Medicare Act. Moreover, Concourse failed to raise its constitutional claims in its opening brief and, accordingly, has waived those claims. *United States v. Gabriel,* 125 F.3d 89, 100 n. 6 (2d Cir.1997).

We have considered all of Concourse's arguments and find them to be without merit. Accordingly, the judgment of the district court is hereby AFFIRMED.